USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDAN VALLELY,

                      Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
HEALTH, DANNY VAZQUEZ, MICHAEL
SHELHAMER, FREDERICK BOETTCHER,
DANIEL LOMBARDO, ANTHONY LOGOZZO,
NEKIESHA HENRY, MARY SUTPHEN, JOHN
HEAPHY, and JOHN and JANE DOE,

                      Defendants.

**STIPULATION AND
ORDER OF
PROTECTION FOR
CONFIDENTIAL
INFORMATION**

1:25-CV-07868-SN

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed, by and between the

parties, through their respective counsel, that the following restrictions and procedures shall apply

to certain information, documents and excerpts from documents supplied by the parties to each

other in response to discovery requests:

1.      Counsel for any party may designate any document, information contained in a

document, information revealed in an interrogatory response or information revealed during a

deposition as confidential if counsel determines, in good faith, that such designation is necessary

to protect the interests of the client or the privacy interests of individuals who are not parties to

this action. Counsel for any party may designate material as "CONFIDENTIAL," including but

not limited to, where the material contains non-public personnel information, medical information,

personal identifying information, internal investigative materials, proprietary business

information, law-enforcement sensitive information, or other information entitled to protection

under Fed. R. Civ. P. 26(c) and other applicable law, rules, and policies, including DOH policy.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 30, 2026
      New York, New York

Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information." Information shall not be designated as Confidential if it is publicly available.

2.      Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.      In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4.      Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a.   The requesting or receiving party and counsel, including in-house counsel;

    b.   Staff of such counsel assigned to and necessary to assist in the litigation;

    c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.   Any witness or deponent whom counsel reasonably believes possesses knowledge relevant to this action, provided such person is shown only those Confidential materials reasonably necessary for examination, preparation, or testimony. Each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A; and

    e.   The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of the person's position with the Court) or the jury at trial or as exhibits to motions.

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a.  Inform the person of the confidential nature of the information or documents; and

b.  Inform the person that this Court has enjoined the use of the information or documents by the person for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.      The Confidential Information may be displayed to and discussed with the persons identified in paragraph 4(c) and 4(d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the producing party discovers the inadvertent failure to designate. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Deposition testimony may be designated as Confidential either on the record during the deposition or by written notice served within thirty (30) days after receipt of the transcript. Until expiration of the thirty-day period, the transcript shall be treated as Confidential.

8.      All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal in

3

accordance with applicable law (including without limitation any applicable rules of court, including Judge Netburn's Individual Rules) and kept under seal until further order of the Court.

9.      The designation of material as Confidential is subject to challenge by any party. The burden of establishing that designated material is properly subject to protection shall remain with the designating party. A party challenging the designation of Confidential information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated Confidential Information, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within two (2) business days of the meet and confer. If the parties agree in writing that a particular document that has been designated "Confidential" shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality. A party that elects to challenge a confidentiality designation may file and serve a letter motion that identifies the challenged Confidential Information and sets forth in detail the basis for the challenge. The designating party shall have the right to respond to any motion filed by a challenging party. Until the Court rules on the challenge, all parties shall continue to treat the Information as it has been marked under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the Information with contested designations nor describe them in a manner that would reveal Confidential Information.

10.      Any party seeking to file Confidential Information under seal shall comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, Judge Netburn's Individual Rules, and applicable Second Circuit authority. The parties acknowledge that the Court retains sole discretion to determine whether any document, information, or filing may

be maintained under seal. To the extent a party seeks to file material designated as Confidential, that party shall comply with all applicable rules and procedures governing sealed filings. Where practicable, only those portions of a filing that contain Confidential Information shall be submitted under seal or in redacted form.

11.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document or electronically stored information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity shall not constitute a waiver of that privilege or protection in this action or in any other federal or state proceeding.

12.    At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' Counsel may retain archival copies of pleadings, motion papers, deposition transcripts, exhibits, attorney work product, correspondence from or to the parties' attorneys, discovery responses, expert materials, and court filings, even if such materials contain Confidential Information, provided such materials remain subject to this Order. This paragraph does not cover documents produced by a party unless those documents have been used as an exhibit filed with the Court. Such documents marked confidential must be returned to the producing party or certified as destroyed as set forth immediately above.

13.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Stipulation and Order. This Stipulation and Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

Dated: New York, New York
      June 29, 2026

MADUEGBUNA COOPER LLP
*Attorney for Plaintiff*


/s/ Samuel Maduegbuna
By: Samuel O. Maduegbuna
30 Wall Street, 8th Floor
New York, NY 10005
(212) 232-0155

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants DOH, Heaphy,*
*Henry, Lombardo, & Sutphen*


/s/ Heather Nelson
By: Heather Nelson
28 Liberty Street
New York, NY 10005
(212) 416-8548


CAPEZZA HILL, LLP
*Attorney for Defendants Boettcher, Logozzo,*
*Vazquez, & Shelhamer*

/s/ Thomas Capezza
By: Thomas A. Capezza
30 South Pearl Street, Suite P-110
Albany, NY 12207
(518) 478-6065

## **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Vallely v. New York State Department of Health et al.*, No. 25-cv-07868 (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)